UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MYRIAM ZAYAS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CITY OF ISSAQUAH,<br><br>　　　　　Defendant. | CASE NO. 2:24-cv-625<br><br>ORDER TO SHOW CAUSE |

## 1.　INTRODUCTION

Pro se plaintiff Myriam Zayas was granted leave to proceed in forma pauperis on May 8, 2024. Dkt. No. 4. United States Magistrate Judge Brian Tsuchida recommended review of Zayas's complaint under 28 U.S.C. § 1915(e)(2)(B). *Id.* A summons has not yet been issued. *See* Dkt. The Court reviews this matter under 28 U.S.C. § 1915(e)(2)(b) and orders Plaintiff to show cause why her case should not be dismissed.

## 2.　BACKGROUND

Zayas alleges that Officer John Doe illegally removed her two-year-old daughter from daycare on May 3, 2024, in violation of the Fourteenth Amendment

ORDER TO SHOW CAUSE - 1

of the U.S. Constitution. Dkt. No. 5 at 3, 4. She claims that Officer Doe used his badge to take her child when he should have known that this would cause trauma to her and her child. *Id.* at 4. She also alleges there was no proof of child abuse or neglect. *Id.*

Zayas also alleges there was no probable cause and no prehearing before Officer Doe removed her child. *Id.* Additionally, she alleges that the removal order was not valid because it was not signed by a lawyer. *Id.*

### 3.   ANALYSIS

"Courts have a duty to construe pro se pleadings liberally, including pro se motions as well as complaints." *Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003). But under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief.

First, Zayas has not adequately alleged a violation of the Fourteenth Amendment that can be enforced under Section 1983. It violates the Fourteenth Amendment to remove a child from a parent's custody unless the removal is either authorized by court order (i.e., a warrant) or is (1) supported by "reasonable cause to believe that the child is in imminent danger of serious bodily injury" and (2) the scope of the intrusion does not extend beyond what is "reasonably necessary to avert that specific injury." *Mabe v. San Bernardino Cnty., Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1106 (9th Cir. 2001) (citation omitted). Even if a court order authorized

the removal, an individual's Fourteenth Amendment right may be violated if the court order was obtained through judicial deception. *David v. Kaulukukui*, 38 F.4th 792 (9th Cir. 2022). That is, if a plaintiff alleges "(1) a misrepresentation or omission (2) made deliberately or with a reckless disregard for the truth, that was (3) material to the judicial decision." *Id*. "A misrepresentation or omission is material if a court would have declined to issue the order had [the informant] been truthful." *Id*.

Zayas does not argue the absence of a court order. Instead, she argues that the court order was not proper because it was only signed by a judge and a social worker, not a lawyer. But she cites no authority for the clearly faulty proposition that a court order is invalid if signed by a judge. She also does not allege that the court order was based on misrepresentation.

Next, Zayas alleges only that Officer Doe carried out the removal court order, but she does not otherwise allege wrong doing on Officer Doe's part. If Officer Doe was acting pursuant to a valid court order, he would receive absolute quasi-judicial immunity. *See Coverdell v. Dep't of Soc. & Health Servs., State of Wash.*, 834 F.2d 758, 764 (9th Cir. 1987). (Officers "who faithfully execute valid court orders are absolutely immune from liability for damages in civil rights actions challenging conduct authorized by the order."); *Moore v. Urquhart*, 899 F.3d 1094, 1104 (9th Cir. 2018) ("[I]f the judicial officer who issued the order is entitled to immunity, so too is the executive officer who did nothing more than execute the order."). Zayas does not allege any fact showing that Officer Doe was acting outside the scope of his authority or that he did not strictly comply with the court order.

ORDER TO SHOW CAUSE - 3

Finally, even reading Zayas's complaint generously, her Section 1983 claim against the City of Issaquah likely fails, because a "claim under *Monell* is the only means of asserting a § 1983 claim against a municipality." *Segura v. City of La Mesa*, 647 F. Supp. 3d 926, 941 (S.D. Cal. 2022); *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) ("[A] municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue.") (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). Zayas names the City—a municipality— but fails to allege a *Monell* claim. Thus, her Section 1983 claim against the City of Issaquah is not viable.

## 4.  ORDER TO SHOW CAUSE

Accordingly, Zayas's complaint fails to a state a claim under § 1983. To avoid dismissal, Zayas must provide a written response within 21 days of entry of this order, limited to 5 pages, as to why her complaint should not be dismissed.

Dated this 21st day of May, 2024.

Jamal N. Whitehead
United States District Judge

ORDER TO SHOW CAUSE - 4