UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MYRIAM ZAYAS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF ISSAQUAH,<br><br>　　　　　Defendant. | CASE NO. 2:24-cv-625<br><br>ORDER |

　　　　This matter comes before the Court on pro se Plaintiff Myriam Zayas's response to the Court's Order to Show Cause and her Amended Complaint. Dkt. Nos. 12, 13. The Court reviewed Plaintiff's initial complaint under 28 U.S.C. § 1915(e)(2)(B) and identified specific issues with her claims, including failure to adequately allege a violation of the Fourteenth Amendment, to identify wrongdoing on Officer Doe's part, and to plead *Monell* liability against the City of Issaquah. Dkt. No. 11.

　　　　Plaintiff filed two documents on June 3, 2024, to respond to the Court's Order to Show Cause. Dkt. Nos. 12, 13. First, Plaintiff filed a Response to Order to Show Cause that explained why she believes the chapter of the law from the Juvenile

ORDER - 1

Justice Act of 1977 does not apply to her child because she is an infant. Dkt. No. 12. But she does not provide any authority to support her contention. In fact, RCW 13.34.030 defines "child," "juvenile," and "youth" to mean "[a]ny individual under the age of eighteen years."

She also filed an amended complaint alleging that the City of Issaquah has a "widespread" policy of doing what judges tell them to do "without checking the law." Dkt. No. 13. But she did not address *Mabe v. San Bernardino Cnty., Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1106 (9th Cir. 2001), which holds removing a child does not violate the Fourteenth Amendment if removal is authorized by a court warrant. Nor does she allege that the warrant was obtained through judicial deception. S*ee David v. Kaulukukui*, 38 F.4th 792, 800 (9th Cir. 2022). She also does not explain Officer Doe's wrongdoing.

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. As outlined in the Court's order to show cause, Plaintiff's case must be dismissed, and her response gives the Court no cause to conclude differently. *See* Dkt. Nos. 12, 13.

Plaintiff's case is DISMISSED without prejudice.

Dated this 13th day of June, 2024.

ORDER - 2

Jamal N. Whitehead
United States District Judge

ORDER - 3