UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MYRIAM ZAYAS,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY OF ISSAQUAH,<br><br>        Defendant. | CASE NO. 2:24-cv-625<br><br>ORDER REVOKING *IN FORMA PAUPERIS* STATUS AND RESOLVING REFERRAL AT DKT. 19 |

The Ninth Circuit has asked this Court to review Plaintiff Myriam Zayas's *in forma pauperis* ("IFP") status. Dkt. No. 19. Having reviewed the Ninth Circuit's referral, the record, and the law governing Zayas's claims, the Court is fully informed. The Court REVOKES Zayas's IFP status for the reasons below.

The Court granted Zayas IFP status on May 6, 2024, and she filed a complaint against the City of Issaquah alleging constitutional violations under Section 1983. Dkt. No. 5. Zayas alleged that Officer John Doe took her toddler away from her on May 3, 2024, under the authority of a court order. Zayas maintains that this action violates her due process rights. This Court found that Zayas's complaint did not state a viable Section 1983 claim against the City and ordered her to show

ORDER - 1

cause why the Court should not dismiss her complaint for failure to state a claim. Dkt. No. 11; *see* Fed. R. Civ. P. 12(b)(6); 28 U.S.C. § 1915(e)(2)(B)(ii).

In response, Zayas filed an amended complaint, but it did not cure the deficiencies in her first complaint. *See* Dkt. No. 13. In its Orders at Dkt. Nos. 11 and 14, the Court explained why Zayas failed to state a claim upon which relief could be granted—both in her initial and amended complaints. The Court dismissed the action without prejudice. Dkt. No. 14. Accordingly, Zayas may attempt to bring her case again and allege facts that support a viable claim under Section 1983. Instead, Zayas filed a notice of appeal. Dkt. No. 17.

A litigant will lose her IFP status on appeal if her appeal is frivolous or taken in bad faith. 28 U.S.C. § 1915(a)(3); *see also Hooker v. Am. Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002). A frivolous claim is one that "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Zayas's arguments on appeal are frivolous, as they are not grounded in law or fact. First, Zayas's notice of appeal contends that her complaint raised valid procedural deficiencies in the court order that allowed Officer Doe to take her toddler, "including the lack of a hearing and improper signatures," which "rendered the order invalid." Dkt. No. 17 at 2. Zayas did not allege the "lack of a hearing" as part of the underlying violation, so the Court will not consider the allegation now. *See* Dkt. No. 17 (operative complaint). But her improper signatures allegation was alleged earlier and plainly has no basis in law. Zayas argues that the signatures on the court order were deficient because only a judge—and not a lawyer—signed the

order. *See id.* at 1. She is wrong, of course, to argue that a court order is invalid because it was signed by a judge.

Next, Zayas claims that the Court erred "by not employing the required liberality in construing plaintiff's claims." Dkt. 17 at 2. But the Court read Zayas's complaint and amended complaint carefully and liberally, noting its obligation to do so. *See* Dkt. 11 at 2. Even evaluating Zayas's claims under a liberal pleading standard, however, the Court could find no viable claims. *See* Fed. R. Civ. P. 12(b)(6).

Finally, in her notice of appeal, Zayas argues that her complaint alleges sufficient facts to challenge Officer Doe's immunity. Dkt. 17 at 2–3. But Zayas alleges that Officer Doe acted under a signed court order. And she did not allege that the order was obtained via judicial deception. *See* Dkt. 11 at 3 (Court's discussion of judicial deception).

Additionally, Zayas did not sue Officer Doe, or any individuals, under Section 1983. She sued the City of Issaquah. But she did not allege facts that could plausibly support a claim against the City. She must pursue her claim against the City as a *Monell* claim, but she did not allege facts that support *Monell* liability. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) ("[A] municipality can be found liable § 1983 only where the municipality itself causes the constitutional violation at issue."). Zayas does not address this fatal issue in her notice of appeal.

Thus, the Court finds that Zayas's appeal is frivolous. Accordingly, the Court ORDERS that Zayas's IFP status be REVOKED under 28 U.S.C. § 1915(a)(3), resolving the Ninth Circuit's Referral at Dkt. 19.

ORDER - 3

1  Dated this 16th day of July, 2024.

Jamal N. Whitehead
United States District Judge